## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LOUIS J. RIOS, | DOCKET NUMBER |
| Appellant, | AT-0752-16-0619-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: January 3, 2017 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven Flig</u>, Atlanta, Georgia, for the appellant.

<u>Catherine Paler-Amaya</u>, Esquire, Miami, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which dismissed the appellant's removal appeal as settled. For the reasons discussed below, we GRANT the petition for review and the cross petition for review, VACATE the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

dismissing the appeal as settled, and DISMISS the appeal as withdrawn. We DENY the parties' requests to strike the copy of the settlement agreement filed by the appellant from the record of the proceedings below.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed a Board appeal challenging his removal from his position as a Customs and Border Protection Officer with the agency. Initial Appeal File (IAF), Tab 1 at 1, 4, 12-16. Shortly thereafter, the appellant filed a pleading stating that he wished to withdraw the appeal, and attached a copy of a fully executed settlement agreement. IAF, Tab 8 at 3-7.

¶3 On the same day that the appellant filed the pleading and settlement agreement, the administrative judge dismissed the appeal as settled. IAF, Tab 9, Initial Decision (ID) at 1-2. She found that the settlement agreement was lawful on its face and that the appellant represented that he understood the agreement and was entering into it voluntarily. ID at 1. She further found that, "[a]t the request of both parties," the settlement agreement would be entered into the record and that the Board would retain jurisdiction to enforce the agreement. ID at 2.

¶4 The appellant has filed a petition for review of the initial decision, in which he contends that the parties did not want the settlement agreement to be entered into the record and requests that the Board dismiss his removal appeal as withdrawn. Petition for Review (PFR) File, Tab 1 at 4. The agency has filed a cross petition for review, in which it agrees that the administrative judge should not have entered the settlement agreement into the record for enforcement purposes and joins in the appellant's request that the removal appeal be dismissed as withdrawn. PFR File, Tab 3 at 4-5.

¶5 Before dismissing an appeal based on a settlement agreement, an administrative judge must document for the record that the parties reached a settlement agreement, understood its terms, and agreed whether or not it was to

be enforceable by the Board. *Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). Here, although the administrative judge stated that the parties requested that the settlement agreement be entered into the record for enforcement by the Board, on review, both parties assert that they did not make such a request. PFR File, Tab 1 at 4, Tab 3 at 4-5. The settlement agreement did not state that it would be enforceable by the Board, and the appellant's pleading accompanying the settlement agreement was also silent regarding this issue. IAF, Tab 8 at 3-7. We find that the record does not reflect that the parties agreed that the settlement agreement would be enforceable by the Board and, therefore, the administrative judge erred in entering the settlement agreement into the record for enforcement purposes and in finding that the Board retained jurisdiction to enforce the agreement. *See Wood v. U.S. Postal Service*, 76 M.S.P.R. 420, 421-22 (1997) (finding that an administrative judge erred in entering a settlement agreement into the record for enforcement purposes, when the record did not reflect that the parties intended for the agreement to be subject to enforcement by the Board); *see also Richardson v. Environmental Protection Agency*, 5 M.S.P.R. 248, 250 (1981) (finding that before the Board will enforce a settlement agreement, the settlement agreement must be made a part of the record); 5 C.F.R. § 1201.41(c)(2) (providing that, for the Board to retain jurisdiction to enforce a settlement agreement, the agreement must be entered into the record of the case).

¶6        We further agree with the parties that, under the circumstances at issue, the appellant's removal appeal should be dismissed as withdrawn, rather than dismissed as settled. PFR File, Tab 1 at 4, Tab 3 at 4-5. On review, both parties agree that the appellant should not have filed the settlement agreement. PFR File, Tab 1 at 4, Tab 3 at 4-5. In addition, the appellant's pleading below accompanying the settlement agreement requested that the appeal be dismissed as withdrawn, rather than as settled. IAF, Tab 8 at 3. Moreover, both below and on review, the appellant has made clear, decisive, and unequivocal requests to withdraw his appeal. IAF, Tab 8 at 3; PFR File, Tab 1 at 4; *see Lincoln v. U.S.*

*Postal Service*, [113 M.S.P.R. 486](#), ¶ 7 (2010) (finding that the voluntary withdrawal of an appeal must be clear, decisive, and unequivocal). Accordingly, we vacate the initial decision dismissing the appellant's removal appeal as settled and dismiss the appeal as withdrawn.

¶7    Finally, on review, both parties request that the Board strike the copy of the settlement agreement filed by the appellant from the record of the proceedings below.[2]  PFR File, Tab 1 at 4, Tab 3 at 5.  Although the administrative judge erred in entering the settlement agreement into the record for purposes of enforcement by the Board, and the Board does not retain jurisdiction to enforce the agreement, the Board's regulations do not provide for striking a properly filed pleading, and the parties have failed to demonstrate any basis for doing so here.  Accordingly, the parties' motion to strike the copy of the settlement agreement filed by the appellant from the record of the proceedings below is denied.[3]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This Final Order constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#).  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[2] The appellant has characterized his request as a request to "withdraw" his pleading below with the attached settlement agreement, and replace it with a pleading stating that the "appellant hereby withdraws his appeal in the above-referenced case."  PFR File, Tab 1 at 4.

[3] We emphasize, however, that, under the Freedom of Information Act (FOIA), all agency records are required to be released upon a properly written request unless FOIA provides a discretionary exemption from disclosure, *see* [5 U.S.C. § 552](#)(b)(1)-(9), or disclosure would violate the Privacy Act, *see* [5 U.S.C. §§ 552](#), 552a.  Therefore, the Board would consider whether FOIA or the Privacy Act would bar disclosure of the settlement agreement should it receive any written request for its disclosure.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.